EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Cooperativa de Ahorro y Crédito de Isabela<br><br>Recurrente<br><br>v.<br><br>Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Arecibo II<br><br>Recurrido | Recurso Gubernativo<br><br>2024 TSPR 11<br><br>213 DPR ___ |

Número del Caso:  RG-2023-0001

Fecha:  9 de febrero de 2024

Abogado de la parte recurrente:

    Lcdo. Carlos Alberto Vega Valentín

Registrador de la Propiedad:

    Hon. José A. Maymó Azize

Materia:  Derecho Registral – Pago de aranceles al Registro de la Propiedad para inscribir una escritura sobre cancelación de hipoteca luego de que un socio cooperativista saldó el préstamo hipotecario otorgado por una cooperativa.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Cooperativa de Ahorro y Crédito de Isabela<br><br>Recurrente<br><br>v.<br><br>Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Arecibo II<br><br>Recurrido | RG-2023-0001 | Recurso Gubernativo |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 9 de febrero de 2024.

En esta ocasión tenemos la oportunidad de resolver si corresponde el pago de aranceles al Registro de la Propiedad, cuando se pretende inscribir una escritura sobre cancelación de hipoteca luego de que un socio cooperativista saldó el préstamo hipotecario otorgado por una cooperativa.

Por los fundamentos que expondremos más adelante, contestamos la interrogante en la afirmativa.

I

Este caso se originó cuando la Cooperativa de Ahorro y Crédito de Isabela (Cooperativa) otorgó la *Escritura Núm.349 sobre cancelación de hipoteca*. Como único otorgante compareció la Cooperativa representada por

el Sr. Carlos F. Bonilla Rosa, quien ostentaba el aval de la Junta de Directores de la Cooperativa para fungir como su representante. El Lcdo. Carlos A. Vega Valentín fue el funcionario a cargo de notarizar el instrumento. Posteriormente, la *Escritura Núm.349 sobre cancelación de hipoteca* junto al pagaré cancelado fueron presentados en el Registro de la Propiedad, Sección de Arecibo II, a los fines de lograr la inscripción correspondiente.[1]

No obstante, el 12 de octubre de 2022, el Registrador de la Propiedad, Hon. José A. Maymó Azize, remitió una *Carta de Notificación* al licenciado Vega Valentín sobre falta de aranceles en el documento presentado. En específico, el Registrador de la Propiedad notificó lo siguiente:

> El documento presentado devenga para su presentación, $15.00 en comprobante de presentación (5121) y, para su inscripción, $258.00 en comprobante de inscripción (5111), además de 0.50 centavos que dispone el Código Político, y no se consignó comprobante ni arancel alguno; por lo que falta un comprobante de presentación (5121) por la cantidad de $15.00; un comprobante de inscripción (5111) por la cantidad de $258.00; y el sello de 0.50 centavos de Rentas Internas para completar los derechos de inscripción del documento en cuestión. **Art. 1 de la Ley Núm. 91 de 30 de agosto de 1970, según enmendada, conocida como "Ley del Arancel de los Derechos que se han de Pagar por las Operaciones en el Registro de la Propiedad" (30 L.P.R.A 1767); Art. 262 de la Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, conocida como "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" (30 L.P.R.A Sec. 6435).**

---

[1] La *Escritura Núm.349 sobre cancelación de hipoteca* fue presentada al asiento número 2021-164873-AR02. Véase *Recibo de presentación*, Apéndice del *Recurso Gubernativo*, pág. 8.

Además, la copia certificada debe cancelar sellos de conformidad a la **Sección 2 de la Ley Núm. 101 de 12 de mayo de 1943, según enmendada, conocida como "Ley de Arancel Notarial" (4 L.P.R.A. 851).**

La exención contributiva provista por el **Art. 6.08 de la Ley Núm. 255 de 28 de octubre de 2002, según enmendada, conocida como "Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002",** a favor de las cooperativas, solo aplica cuando los documentos presentados para inscripción, o sea el negocio jurídico que se pretende inscribir, sea a favor de las cooperativas y sus subsidiarios, y no a terceras personas que negocian con ellas. La exención contributiva registral solo aplica cuando los documentos presentados para su inscripción en el Registro sean <u>**a favor**</u> de las cooperativas y sus subsidiarias. **Véase, además, Cooperativa de Ahorro y Crédito San Blas de Illescas v. Purcell Soler, Registrador de la Propiedad, 201 DPR 544 (2018).**[2]

En desacuerdo, la Cooperativa, a través del licenciado Vega Valentín, presentó el *Escrito de Recalificación* correspondiente.[3] En resumen, la Cooperativa argumentó que estaba exenta del pago de aranceles. Para sustentar su posición, citó el Art. 6.08 (3) de la Ley Núm. 255 de 28 de octubre de 2002, a saber:

(3) Las cooperativas y sus subsidiarias o afiliadas estarán exentas del pago de derechos, arbitrios o aranceles estatales o municipales, incluyendo el pago de cargos por licencias, patentes, permisos y registros, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos al otorgamiento de toda clase de documentos públicos y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad o cualquier otro registro público u oficina gubernamental y del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la expedición de certificaciones por dichos registros o por cualquier otra oficina gubernamental. Las

---

[2] *Carta de Notificación*, Apéndice del *Recurso Gubernativo*, pág. 9.

[3] *Escrito de Recalificación*, Apéndice del *Recurso Gubernativo* págs.11-13.

cooperativas y sus subsidiarias o afiliadas estarán exentas, además, del pago de cargos, derechos, sellos o comprobantes de rentas internas, arbitrios o aranceles requeridos en el Tribunal General de Justicia de Puerto Rico o por cualquier agencia, instrumentalidad, corporación pública del Estado Libre Asociado de Puerto Rico o cualquier subdivisión política de éste.[4]

Así, la Cooperativa argumentó que los Registros de la Propiedad han adoptado por décadas que la disposición antes citada exime del pago de aranceles cuando se trata de cualquier documento donde el otorgante o compareciente fuera una cooperativa debidamente organizada bajo las leyes de Puerto Rico. En particular, la Cooperativa le solicitó al Registrador de la Propiedad que tomara conocimiento de las constancias del Registro de la Propiedad en general y, del propio Registro de Arecibo, Sección II para que notara que esa es la interpretación a la norma allí aplicada. Es decir, que el estado de derecho siempre ha sido a favor de la exención.

La Cooperativa, sostuvo, además, que la Oficina de Inspección de Notarías (ODIN) también avala la exención, toda vez que nunca le han indicado que cancele sellos en los documentos donde la Cooperativa comparece. Por último, la Cooperativa argumentó que como mínimo este cambio en la interpretación del Registrador de la Propiedad debía ser prospectiva y no retroactiva.

---

[4] Art. 6.8 (3) de la Ley Núm. 255 de 28 de octubre de 2002, 7 LPRA sec. 1366g.

Posteriormente, el Registrador de la Propiedad denegó el *Escrito de Recalificación* bajo los mismos fundamentos esbozados en la *Carta de Notificación*.[5]

Inconforme, la Cooperativa acude ante este Foro mediante la presentación de un Recurso Gubernativo y objeta la determinación del Registrador de la Propiedad en el que este concluyó que la Cooperativa no estaba exenta de cancelar los sellos correspondientes. Contrario a ello, la Cooperativa argumenta que aplica la exención del pago de aranceles de inscripción en aquellos negocios jurídicos donde el otorgante o compareciente sea una cooperativa, según dispone la Ley Núm. 255-2002. Añade que la denegatoria del Registrador de la Propiedad contradice la práctica registral en Puerto Rico desde la vigencia de la citada Ley y que, además, contrasta con los requerimientos de la ODIN en los procesos de inspección de los protocolos notariales.[6] A su vez, la Cooperativa argumenta que el Registrador de la Propiedad no tiene razón al fundamentar su posición mediante el caso de <u>Cooperativa de Ahorro y Crédito San Blas de Illescas v. Purcell Soler</u>, supra.

---

[5] *Denegatoria de Escrito de Recalificación*, Apéndice del *Recurso Gubernativo* pág.14.

[6] En específico, la Cooperativa nos informa que el Lcdo. Carlos A. Vega Valentín (notario autorizante de la *Escritura Núm.349 sobre cancelación de hipoteca*) ha ejercido su práctica notarial por más de tres décadas y que, consecuentemente, ha autorizado un volumen significativo de escrituras públicas donde el compareciente u otorgante es una Cooperativa o su socio y que nunca un Registrador de la Propiedad le ha requerido el pago de los aranceles de presentación e inscripción ni el sello del Código Político. A su vez, la Cooperativa explica que tampoco la ODIN le ha señalado deficiencia arancelaria alguna al notario. Véase, *Recurso Gubernativo*, págs. 10-11.

Así, la Cooperativa argumenta que es acreedora de la exención contributiva, pues como poseedora por endoso del pagaré emitido a su favor, la inscripción de la cancelación de la hipoteca le beneficia.

Presentado el Recurso Gubernativo, el Registrador de la Propiedad compareció mediante una *Moción en cumplimiento con el Art. 245 de la Ley 210-2015, "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico"* y anejó los siguientes documentos: (1) el *Escrito de Recalificación,* (2) la copia de la imagen del documento recibida en el Registro y certificada por el notario como idéntica a la copia certificada en papel regular, (3) el *Recibo de Presentación*, (4) la *Carta de Notificación* de faltas y (5) la *Carta de Notificación* denegando el *Escrito de Recalificación*. Además, el Registrador de la Propiedad añadió que de conformidad con lo resuelto en <u>FirstBank v. Registradora</u>,208 DPR 64 (2021), no incluyeron la copia física original del documento presentado en el Registro de la Propiedad y hacen la salvedad de que fue presentado personalmente, pero procesado vía el sistema *Karibe*.

Así las cosas, el Registrador de la Propiedad presentó su alegato. En particular, reitera que la Cooperativa no está exenta del pago de derechos en el Registro de la Propiedad, porque según lo resuelto en <u>Cooperativa de Ahorro y Crédito v. Purcell Soler</u>, *supra*, la exención contributiva provista en la *Ley de*

*Cooperativas* no es susceptible de transferencia o extensible a tercero y que, además, la exención aplica solamente cuando el negocio jurídico que se pretende inscribir en el Registro de la Propiedad sea a favor de la Cooperativa.

El Registrador de la Propiedad argumenta que la cancelación de la hipoteca no configura un negocio jurídico a favor de la Cooperativa, por lo que no activa la exención contributiva a su favor. Esto es así, toda vez que la parte que se beneficia de la cancelación es el titular de la propiedad, pues se elimina un gravamen hipotecario registralmente inscrito. Consecuentemente, el Registrador de la Propiedad argumenta que quien fue el acreedor hipotecario pierde todo interés en el gravamen. Sostiene que una vez se satisfizo la obligación principal (pagaré), se extinguió la hipoteca y, por consiguiente, solo resta ajustar el contenido del Registro de la Propiedad a la realidad pública extra registral.

Por último, el Registrador de la Propiedad entiende que no puede considerarse una alegación a favor de la Cooperativa el mero hecho de que esta ha comparecido a escrituras en las que no se le ha requerido la cancelación de los sellos ni tampoco el hecho de que no ha tenido señalamientos por parte de la ODIN. Así, el Registrador de la Propiedad explica que con alta probabilidad antes de la decisión de Cooperativa v. Purcell, *supra,* inscribió alguna transacción de compraventa sin los aranceles

correspondientes por estar bajo el entendido de que le aplicaba la exención. No obstante, el Registrador de la Propiedad argumenta que ello no fue óbice para que en el citado caso este Foro mantuviera la denegatoria de inscripción y emitiera su Opinión.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver, no sin antes exponer el derecho aplicable.

II

A. El Recurso Gubernativo

El Art. 3.002(h) de la Ley de la Judicatura, 4 LPRA sec. 24s, y la Regla 27 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, otorgan jurisdicción a este Foro para atender los recursos gubernativos que persiguen revisar la calificación final del Registrador de la Propiedad ante la denegatoria de una solicitud de asiento.[7] Sobre los requisitos del recurso gubernativo, nótese que los cuerpos normativos antes citados nos remiten a la derogada Ley Hipotecaria y del Registro de la Propiedad.[8] Sin embargo, como esta ley fue derogada y sustituida por la actual Ley Núm. 210-2015, conocida como la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico* (nueva Ley Hipotecaria), 30 LPRA sec. 6001 *et seq.,* los requisitos estatutarios para presentar un recurso

---

[7] Firstbank Puerto Rico v. Registradora de la Propiedad, 208 DPR 64, 77-78 (2021); Oriental Bank v. Registrador de la Propiedad, 209 DPR 384,390-391 (2022).

[8] 30 LPRA sec. 2001, *et seq.* (derogada).

gubernativo se encuentran en la nueva Ley Hipotecaria y su Reglamento.

B. Los aranceles

Cuando se trata de aranceles nos referimos a las tarifas oficiales que fijan los derechos que se han de pagar en varios sectores, como el de costas judiciales, notariales, aduana, vehículos de motor, pasaportes, etc.[9] En particular, la Ley Núm. 91 de 30 de agosto de 1970, conocida como la *Ley del Arancel de los Derechos que se han de Pagar por las Operaciones en el Registro de la Propiedad*, 30 LPRA 1767a *et seq.* (Ley de aranceles) es la fuente legal que fija los aranceles a pagarse por las operaciones en el Registro de la Propiedad.[10] La Ley de aranceles es un estatuto tributario y, consecuentemente, los aranceles tienen carácter de contribución.[11]

El Art. 4 de la Ley de aranceles, 30 LPRA sec. 1767d, dispone que no se aceptará para la presentación en el Registro de la Propiedad ningún documento que no acompañe los comprobantes correspondientes de pago del total de los derechos devengados. No obstante, existen instancias en donde no se tendrá que cancelar el arancel, esto ante la existencia de una exención contributiva.

En particular, la Ley Núm. 255-2002, conocida como la *Ley de Sociedades Cooperativas de Ahorro y Crédito* (Ley de

---

[9] I. Rivera García, *Diccionario de términos jurídicos*, 2da ed., San Juan, Ed. LexisNexis, 1985, pág. 18.

[10] Pagán Rodríguez v. Registradora, 177 DPR 552, 536-537 (2009).

[11] Íd.; Díaz v. Registrador, 107 DPR 233, 238 (1978).

Cooperativas), tiene como propósito fomentar la incursión de las cooperativas en el mercado de servicios financieros. Esto es, adelantando, promoviendo y facilitando la integración del sector de ahorro y crédito cooperativo, especialmente, a través de estructuras de integración operacional.[12]

La Ley de Cooperativas establece una disposición sobre exenciones contributivas. En lo pertinente, el Art. 6.08(a)3) dispone lo siguiente:

> (3) **Las cooperativas y sus subsidiarias o afiliadas estarán exentas del pago de derechos, arbitrios o aranceles estatales o municipales, incluyendo el pago de cargos por licencias, patentes, permisos y registros, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos al otorgamiento de toda clase de documentos públicos y privados, del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la inscripción de los mismos en el Registro de la Propiedad** o cualquier otro registro público u oficina gubernamental y del pago de cargos, derechos, sellos o comprobantes de rentas internas relativos a la expedición de certificaciones por dichos registros o por cualquier otra oficina gubernamental. Las cooperativas y sus subsidiarias o afiliadas estarán exentas, además, del pago de cargos, derechos, sellos o comprobantes de rentas internas, arbitrios o aranceles requeridos en el Tribunal General de Justicia de Puerto Rico o por cualquier agencia, instrumentalidad, corporación pública del Estado Libre Asociado de Puerto Rico o cualquier subdivisión política de éste. (Énfasis nuestro).[13]

---

[12] Exposición de Motivos de la Ley Núm. 255-2002.

[13] Art. 6.08(a)(3) de La Ley Núm. 255-2002, 7 LPRA sec. 1366g. Véase, además, la Sec.14(a) del Reglamento de la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002, Reglamento del Departamento de Estado Núm.7051 de 10 de noviembre de 2005, pág. 101.

A su vez, la Ley Núm. 114 de 12 de julio de 1960, conocida como la *Ley para Eximir a las Sociedades Cooperativas del Pago de Aranceles en el Registro de la Propiedad de Puerto Rico*, releva a las cooperativas del pago de toda clase de derechos de presentación e inscripción de documentos y demás operaciones en el Registro de la Propiedad.[14] De igual manera, la Ley Núm. 114, *supra*, exime a las cooperativas del pago del arancel notarial cuando se trata de disponer, gravar o enajenar sus bienes, así como en toda contratación con sus socios relacionada a los fines para los cuales se haya organizado tal sociedad cooperativa.[15]

Sobre las exenciones contributivas, este Foro ha establecido que no deben interpretarse extensivamente, sino de forma restrictiva.[16] Entiéndase, a favor de la inexistencia de la exención.[17] Ello es así, porque son concesiones legislativas para desviarse de la norma tributaria general.[18] No obstante, deben interpretarse de manera que no frustre la intención legislativa.[19]

Al respecto, en el caso de <u>Coop. San Blas v. Registrador</u>, *supra*, tuvimos la oportunidad de resolver si

---

[14] Ley Núm. 114 de 12 de julio de 1960, 30 LPRA sec.1770d.

[15] Íd.

[16] <u>Coop. San Blas v. Registrador</u>, 201 DPR 544, 558 (2018).

[17] Íd.

[18] Íd.

[19] Íd. Véase, además, <u>Servicios Legales de Puerto Rico v. Registradora</u>,2023 TSPR 18.

la exención estatuida en la Ley de Sociedades Cooperativas y en la Ley de Aranceles Registrales exime del pago de arancel a un tercero cuando presenta en el Registro de la Propiedad una escritura de compraventa mediante la cual adquirió un inmueble de la Cooperativa de la cual es socio cooperativista.[20] En esa ocasión, contestamos la interrogante en la negativa. En particular, allí evaluamos el negocio jurídico de compraventa de un inmueble entre un socio de la cooperativa como comprador y la cooperativa como parte vendedora. El razonamiento del Tribunal fue dirigido a que "las exenciones relacionadas con los aranceles notariales aplica[n] exclusivamente a las cooperativas y no a quienes negocian con estas".[21] Consecuentemente, el Tribunal hizo hincapié en que la exención "solo está disponible para las cooperativas cuando inscriben un negocio a su favor".

Así, allí concluimos lo siguiente:

> [L]a Ley de Cooperativas y la Ley de Aranceles Registrales están huérfanas de expresión alguna indicativa de que su propósito haya sido proveerle a *toda persona* que haga negocios con una cooperativa el derecho a beneficiarse de una exención contributiva registral que se le concedió a las cooperativas por gracia del Estado. A fin de cuentas, el propósito de una exención es favorecer la inscripción de bienes inmuebles a favor de las cooperativas como mecanismo que permite desarrollar el potencial adquisitivo de estas entidades y, de esta forma, su inserción en el

---

[20] *Coop.San Blas v. Registrador*, *supra*, pág. 548.

[21] Íd., pág. 564.

mercado. Cobijar a un tercero con dicha extensión en nada abona a ese claro objetivo.[22]

III

Como mencionáramos, debemos resolver si, para que la *Escritura Núm. 349 sobre cancelación de hipoteca* alcance la inscripción en el Registro de la Propiedad, procede el pago de los aranceles que señaló el Registrador de la Propiedad en la *Carta de Notificación*. Concluimos que sí. Veamos.

La Cooperativa argumenta que, de acuerdo con la exención estatuida en la Ley de Cooperativas, no tiene que pagar sello alguno para lograr acceso al Registro de la Propiedad. Por su parte, el Registrador de la Propiedad sostiene que procede la cancelación de los aranceles señalados.

Nótese que la hipoteca que se pretende cancelar mediante la *Escritura Núm. 349 sobre cancelación de hipoteca* proviene de un pagaré hipotecario suscrito por el Sr. Jaime Castro Lamas y la Sra. Madeline C. Castro (socios cooperativistas), otorgado a favor de la Cooperativa.[23] Así, una vez que los socios cooperativistas saldaron la deuda podía otorgarse la escritura de cancelación de hipoteca, con el propósito de que ese gravamen en su contra no permaneciera en el Registro de la Propiedad. A todas luces, vemos que la cancelación del gravamen opera a favor de los socios cooperativistas

---

[22] Íd., pág. 565.

[23] El pagaré hipotecario se suscribió junto con la *Escritura Núm. 45 sobre hipoteca*.

quienes son los titulares registrales de la propiedad y quienes ya no son deudores hipotecarios. Así, son ellos quienes se benefician de ajustar el contenido del Registro de la Propiedad a la realidad extra registral.

El interés que pueda tener la Cooperativa en que el gravamen cese de estar inscrito a su favor no activa la exención. Esto es así, pues es insuficiente para equipararlo con un negocio jurídico presentado para su inscripción en el Registro de la Propiedad a favor de la Cooperativa. Sería incorrecto obviar el texto claro de la ley y otorgar una exención donde el legislador no la concedió. No vemos cómo distanciarnos de ese racional, pues fue el que utilizamos en el caso de Coop. San Blas v. Registrador, al enfrentar un argumento de una Cooperativa que vendió un inmueble a un socio cooperativista y alegaba ser acreedora de la exención, porque tenía interés en que el inmueble no constara inscrito en el Registro de la Propiedad a su favor.[24]

En esa misma línea, recuérdese que el propósito de la exención que cobija a las cooperativas es adelantar la inscripción de bienes inmuebles a favor de estas para desarrollar su poder adquisitivo y, consecuentemente, su inserción en el mercado. De manera que concederles a los deudores hipotecarios la extensión, por conducto de la Cooperativa, en nada aporta al objetivo de la Ley de Cooperativas.[25] Entiéndase que la mera comparecencia de la

---

[24] Coop. San Blas v. Registrador, *supra*, pág. 564, esc. 3.

[25] Coop. San Blas v. Registrador, *supra*, pág. 565.

Cooperativa en la *Escritura Núm. 349 sobre cancelación de hipoteca* y no de quien fuera el deudor hipotecario no configura un negocio a favor de la Cooperativa, por lo que no activa la exención contributiva a su favor.

Finalmente, como la *Escritura Núm. 349 sobre cancelación de hipoteca* beneficia a los deudores hipotecarios y no a la Cooperativa y, por consiguiente, no estamos ante un negocio jurídico que opere a su favor procede la cancelación de los aranceles correspondientes, según señaló el Registrador de la Propiedad.

IV

Por los fundamentos antes expresados, se confirma la calificación del Registrador de la Propiedad. Por consiguiente, se devuelve el caso a la atención del Registrador de la Propiedad para el trámite que corresponda.

Se dictará sentencia de conformidad.


                                    Erick V. Kolthoff Caraballo
                                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Cooperativa de Ahorro y Crédito de Isabela<br><br>Recurrente<br><br>v.<br><br>Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Arecibo II<br><br>Recurrido | RG-2023-0001 | Recurso Gubernativo |

SENTENCIA

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Por los fundamentos expuestos en la Opinión que antecede la cual se hacer formar parte íntegra de la presente, se confirma la calificación del Registrador de la Propiedad. Por consiguiente, se devuelve el caso a la atención del Registrador de la Propiedad para el trámite que corresponda.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodriguez emite las siguientes expresiones:

> Estoy conforme con la *Opinión* que hoy emite este Tribunal. No obstante, considero que es menester aclarar que esta decisión se limita a establecer que el negocio jurídico que pretenda gozar de la exención del pago de aranceles **registrales** debe beneficiar a la cooperativa. De ninguna manera se debe interpretar que nuestra determinación pasa juicio sobre la aplicación de la exención del pago de aranceles notariales a terceros.

El Juez Asociado señor Estrella Martínez emite las siguientes expresiones de conformidad en parte y disidente en parte:

Coincido, en parte, con la *Opinión* que hoy emite este Tribunal dado que acertadamente concluye que la *Ley de Cooperativas* no exime a las cooperativas del pago de aranceles registrales cuando pretenden inscribir en el Registro de la Propiedad un documento público otorgado en beneficio de terceros. Esto, pues, la Asamblea Legislativa no las ha dispensado clara y expresamente del pago de esta exención contributiva. *E.U.A. v. Registrador*, 116 DPR 269, 274 (1985).

Ahora bien, disiento, en otra parte, de la confirmación total de la calificación del Registrador de la Propiedad, ya que, con ello, se valida implícitamente el requerimiento a la cooperativa del pago de los aranceles notariales. Según adelanté en las expresiones que emití en *Coop. San Blas v. Registrador*, 201 DPR 544, 565 (2018), "la Asamblea Legislativa sí ha sido clara al disponer que las cooperativas están exentas de pagar aranceles notariales 'en *toda contratación en que disponga de, grave, o enajene* sus bienes, así como en *toda contratación con sus socios* que se relacione con los fines para los cuales se hayan organizado tales sociedades corporativas'". (Énfasis suplido). *Íd.*, pág. 566 (citando la *Ley para eximir a las sociedades cooperativas del pago de aranceles en el Registro de la Propiedad de Puerto Rico*, Ley Núm. 114 de 12 de julio de 1960, según enmendada, 30 LPRA sec. 1770d). Por tal razón, la Cooperativa de Ahorro y Crédito de Isabela está exenta de pagar los aranceles notariales sobre la escritura de cancelación de hipoteca que pretendía dejar sin efecto el gravamen hipotecario a favor de sus socios cooperativistas. Toda vez que en esta controversia se legitima lo contrario, **disiento**.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo